UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

JOHN R. ANDREWS, JR.,                                          **DECISION**
                                                                          **and**
                                        Plaintiff,                **ORDER**

        v.
                                                                  **21-CV-746-LJV(F)**

TOWN OF WEST SENECA,
DONALD DRISCOLL
JEFFREY COIA,
JAMIE PAPPACENO,
GERALD FIBICH,
ROBERT DEPPELER,


                                        Defendants.
_____

APPEARANCES:              RUPP PFALZGRAF LLC
                                    Attorneys for Plaintiff
                                    JONATHAN P. CANTIL,
                                    MATTHEW E. GABALSKI,
                                    PAUL D. JAGER,
                                    YOUNG WOO KIM,
                                    R. ANTHONY RUPP, III, of Counsel
                                    1600 Liberty Building
                                    424 Main Street
                                    Buffalo, New York  14202

                                    BAKER & SMITH PC
                                    Counsel for Defendants
                                    ARTHUR J. SMITH, of Counsel
                                    125 Jericho Turnpike, Suite 302
                                    Jericho, New York  11753


        In this § 1983 action alleging Fourth Amendment violations, false arrest and

imprisonment, malicious prosecution, failure to intervene against the individual

Defendants, and failure to supervise and train against Defendant Town of West Seneca,

by papers filed January 16, 2026, Plaintiff moves for an order pursuant to Fed.R.Civ.P.

37(a)(1) ("Rule 37(a)(1)") to compel Defendants' responses to Plaintiff's First Set of

Interrogatories and Document Requests ("Plaintiff's discovery requests") together with an award of Plaintiff's expenses pursuant to Fed.R.Civ.P. 37(a)(5)(A) (Dkt. 93) ("Plaintiff's motion").  Plaintiff's motion is predicated on Plaintiff's service on Defendants of Plaintiff's discovery requests on November 7, 2025, and Plaintiff's correspondence with Defendants' counsel on December 11, 2025 and December 18, 2025 inquiring as to when Defendants intended to comply with Plaintiff's discovery requests to which Plaintiff received no response.  Attorney Declaration of Paul D. Jager, Esq. ("Jager Declaration") (Dkt. 93-1) ¶¶ 9, 10.  On December 23, 2025 Plaintiff received a notice from the court's CM/ECF system that a "Response to Discovery Request" had been filed under seal.  Jager Declaration (Dkt. 93-1) ¶ 10.  Plaintiff's attempted to access this filing without success.  *Id.* ¶ 11; *see* (Dkt. 93-6).  Thereafter, on January 30, 2026, after Plaintiff's motion was filed, Defendants served Plaintiff with Defendants' Supplemental Response To Notice For Discovery And Inspection which included Defendants' responses, including objections, to Plaintiff's discovery requests which was received by Plaintiff on February 3, 2026.  *See* Plaintiff's Reply Memorandum of Law in Support of Plaintiff's Motion to Compel filed February 6, 2026 (Dkt. 100) ("Plaintiff's Reply") at 2. Also on January 30, 2026, Defendants filed the Declaration In Opposition To Plaintiff's Motion To Compel of Arthur J. Smith, Defendants' attorney.  *See* (Dkt. 98) ("Smith Declaration").  In Plaintiff's Reply, Plaintiff contends that Defendants' unexcused and belated responses to Plaintiff's discovery requests, served after the filing of Plaintiff's motion requires Plaintiff be awarded expenses incurred in connection with Plaintiff's motion, as provided in Rule 37(a)(5)(A) and with a finding that Defendants' objections were waived.  Plaintiff's Reply (Dkt. 100) at 3 (citing caselaw).

2

1.      Plaintiff's Motion.

Where a producing party fails to timely comply with a requesting party's discovery requests but does so after the requesting party's motion to compel pursuant to Rule 37(a)(5)(A) is filed, such motion is moot.  *Murphy v. City of Elmira*, 2022 WL 4121380, at *4 (W.D.N.Y. Sept. 9, 2022) (citing cases).  Therefore, given that Defendants served Defendants' responses to Plaintiff's discovery requests on January 30, 2026, Plaintiff's motion is now moot.

2.      Defendants' Objections.

In general, objections to interrogatories and document requests are waived when responses are served after the 30 days required for such responses by Fed.R.Civ.P. 33(b)(2) and 34(b)(2)(A).  *See Murphy*, 2022 WL 4121380, at *4 (finding defendants waived undue burden and overbreadth objections to plaintiff's discovery demands, interrogatories and document requests, for failing to respond in excess of eight months) (citing *Eldaghar v. City of N.Y. Dep't of Citywide Admin. Servs.*, 2003 WL 22455224, at *1 (S.D.N.Y. Sept., 9, 2003); *Land Ocean Logistics, Inc. v. Aqua Golf Corp.,* 181 F.R.D. 229, 237 (W.D.N.Y. 1998)).  The court retains discretion to excuse any waiver or limit its scope such as where late objections addressed palpably improper interrogatories.  *Id.* (citing caselaw).  Here, Defendants assert that Defendants' failure to timely respond to Plaintiff's discovery requests resulted from the attorney assigned to the case having left the Defendants' law firm and that "many" of the Defendants no longer were employed by Defendant Town's police department.  *See* Declaration of Arthur J. Smith (Dkt. 98) ¶ 2.  However, courts have held that law firm turnover of responsible lawyers is not excusable as substantial justification for any default in providing timely discovery

responses particularly where, as here, Defendants as the producing party failed to timely request an extension of time within which to provide a required response to Plaintiff's discovery requests or to otherwise respond to Plaintiff's December 11 and 18, 2025 inquiries.  *See Regalado v. Ecolab, Inc.*, 2016 WL 94139, at *3 (S.D.N.Y. Jan. 7, 2016) (turnover of attorneys assigned to plaintiff's case does not constitute substantial justification for plaintiff's failure to provide timely disclosure of plaintiff's expert report); *see also Dugan v. Soleil Toujours LLC*, 2025 WL 3723304, at *1 (S.D.N.Y. Nov. 13, 2025) (irreconcilable breakdown of attorney-client relationship substantially justified defendant's failure to comply with discovery filing requirements);[1] *Lamparelli Construction Company, Inc. v. Arrow Wood Products, Inc.*, 2016 WL 1387239, at *1 (W.D.N.Y. Apr. 8, 2016) ("'It is well-settled that a change of counsel does not relieve a party of the effects of the rules of practice or otherwise excuse prior counsel's lapses.'") (quoting *Brownstone Publishing, LLC v. AT & T, Inc.,* 2009 WL 799546, *1 (S.D. Ind. 2009)).  Thus, Defendants' failure to provide timely discovery responses is without good cause, *see Diegert v. Receivables Performance Management, LLC*, 2017 WL 370808, at *4 (W.D.N.Y. Jan 26, 2017) (citing *Spencer v. Kenny*, 2015 WL 6958009, *1 (D. Conn. Nov. 10, 2015) ("Untimely objections are waived unless the party's failure to object is excused by the court for good cause shown.")).  *See also Eldaghar*, 2003 WL 22455224, at *1 (finding waiver of objections where defendant's response to plaintiff's document requests was 10 days overdue); *Land Ocean Logistics, Inc.,* 181 F.R.D. at 236-37 (plaintiff's discovery responses -- document requests -- were more than two months late absent prior defendant's agreement or prior court approval supporting waiver of plaintiff's objections).  Here, despite Defendants' awareness of the departure

---

[1]  No such difficulties are present in this case.

of the attorney responsible for this matter, Defendants failed to timely request an extension of time for Defendants' response from either Plaintiff or the court. *See* Smith Declaration (Dkt. 98) ¶ 2. Accordingly, Defendants' objections to Plaintiff's discovery requests are deemed waived.

3.    Expenses of Plaintiff's Motion.

Rule 37(a)(5)(A) requires that where a motion to compel is granted, the court is required to award the prevailing party its reasonable expenses, including attorneys fees, incurred by the party in bringing the motion. Relevantly, such sanction also is required where a producing party provides discovery after the requesting party has filed a motion to compel pursuant to Rule 37(a)(5)(A). *See United Pool Distribution, Inc. v. Custom Courier Solutions, Inc.*, 2025 WL 1367146, at *2 (W.D.N.Y. May 12, 2025) (citing *Bravia Cap. Partners, Inc. v. Fike*, 296 F.R.D. 136, 143 (S.D.N.Y. 2013) (quoting Fed. R. Civ. P. 37(a)(5)(A))). However, such award can be made only after the successful party made a good faith effort to avoid the necessity of seeking judicial intervention, the party whose conduct necessitated the motion was given an opportunity to be heard, and upon a finding that the opposing party's response was not substantially justified or that other circumstances render such an award unjust. *See* Fed.R.Civ.P. 37(a)(5)(A)(i)-(iii). Accordingly, Defendants' shall, not later than 10 days after receipt of this Decision and Order, show cause why Plaintiff's expenses should not be awarded pursuant to Rule 37(a)(5)(A); Plaintiff's response shall be filed within five days thereafter. Oral argument shall be at the court's discretion.

## CONCLUSION

Plaintiff's motion (Dkt. 93) is DISMISSED as moot in part, and GRANTED in part.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dates:  March 26, 2026
        Buffalo, New York