UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

JOHN R. ANDREWS, JR.,

                                   Plaintiff,

       v.

TOWN OF WEST SENECA,
DONALD DRISCOLL
JEFFREY COIA,
JAMIE PAPPACENO,
GERALD FIBICH,
ROBERT DEPPELER,

                                  Defendants.

_____

**DECISION
and
ORDER**

**21-CV-746-LJV(F)**

APPEARANCES:          RUPP PFALZGRAF LLC
                         Attorneys for Plaintiff
                         JONATHAN P. CANTIL,
                         MATTHEW E. GABALSKI,
                         PAUL D. JAGER,
                         YOUNG WOO KIM,
                         R. ANTHONY RUPP, III, of Counsel
                         1600 Liberty Building
                         424 Main Street
                         Buffalo, New York  14202

                         BAKER & SMITH PC
                         Counsel for Defendants
                         ARTHUR J. SMITH, of Counsel
                         125 Jericho Turnpike, Suite 302
                         Jericho, New York  11753

In a Decision and Order filed April 9, 2026 (Dkt. 103), the court directed Defendants to respond to Plaintiff's request for an award of attorneys fees incurred in connection with Plaintiff's motion to compel filed January 16, 2026 (Dkt. 93) which was granted in a Decision and Order filed March 26, 2026 (Dkt. 101).  On May 5, 2026, Defendants filed the Declaration of Arthur J. Smith in opposition to Plaintiff's request of

$3,460.50, *see* Paul D. Jager Attorney Declaration (Dkt. 104) ¶ 4, filed on April 27, 2026 (Dkt. 105) ("Smith Declaration").  In the Smith Declaration, (Dkt. 105) ¶¶ 6-8, 12, Defendants argue Plaintiff's request is unreasonable given the relatively simple issue raised by Plaintiff's motion, *viz.* that Defendants' discovery responses were overdue. *See* March 26, 2026 D&O (Dkt. 101) at 2.  Defendants further argue Plaintiff failed to provide any information in support of Plaintiff's counsel's $250 hourly billing rate, Smith Declaration ¶ 30, or that Plaintiff's counsel has actually billed Plaintiff for the amount of fees sought to be awarded.  *Id.* at ¶ 31.

"[I]n determining a fee award, the typical [starting] point is the so-called lodestar amount, that is 'the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.' " *New York v. Grand River Enterprises Six Nations, Ltd.*, 2021 WL 4958653, at *2 (W.D.N.Y. Oct. 26, 2021) (quoting *Healy v. Leavitt*, 485 F.3d 63, 71 (2d Cir. 2007) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983))). "In calculating the lodestar amount, the initial burden is on the requesting party to submit evidence supporting the number of hours worked and the hourly rate claimed." *Grand River Enterprises Six Nations, Ltd.*, 2021 WL 4958653, at *2 (citing *Hensley*, 461 U.S. at 433). "A reasonable hourly rate is a rate 'in line with...prevailing [rates] in the community for similar services by lawyers of reasonably comparable skill, expertise and reputation.'" *McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Tr. Fund*, 450 F.3d 91, 96 (2d Cir. 2006) (quoting *Blum v. Stenson,* 465 U.S. 886, 895 n. 11 (1984), and citing *Chambless v. Masters, Mates & Pilots Pension Plan,* 885 F.2d 1053, 1058-59 (2d Cir. 1989)). "[O]nly those hours 'reasonably expended' are to be awarded." *Id.* (quoting *Hensley,* 461 U.S. at 434–35). Attorney fees awarded as a sanction are not

intended to provide the prevailing party with a windfall, but "merely to compensate [ ] for additional expenses incurred on this single discovery matter." *Matteo v. Kohl's Dept. Stores, Inc.*, 2012 WL 5177491, at *7 (S.D.N.Y. Oct. 19, 2021). Further, courts often employ an across-the-board reduction in hours to "trim the fat." *See McDonald v. Pension Plan of the NYSA–ILA Pension Trust Fund,* 450 F.3d 91, 96 (2d Cir. 2006) ("A district court may exercise its discretion and use a percentage deduction 'as a practical means of trimming fat from a fee application.'") (quoting *Kirsch v. Fleet St., Ltd.,* 148 F.3d 149, 173 (2d Cir. 1998)) (further internal quotation).  The fee application "must be supported by contemporaneous time records, affidavits and other materials." *McDonald ex rel. Prendergast,* 450 F.3d at 96.

Here, based on Plaintiff's computerized record of Paul D. Jager's, Plaintiff's main attorney on Plaintiff's motion ("Jager"), time and hourly rates, *see* Dkt. 104-1, the court determines that Jager incurred 6.1 hours in preparing Plaintiff's motion to compel between January 12 and January 16, 2026, which consisted of Plaintiff's counsel's four page Declaration (Dkt. 93-1), five exhibits (Dkt. 93-1-6) and a five page Memorandum of Law (Dkt. 93-7), which at his then hourly rate of $250 resulted in a reimbursable fee of $1,525.  Further, in response to Defendants' Attorney Declaration in opposition to Plaintiff's motion to compel, filed January 30, 2026 (Dkt. 98), Jager prepared Plaintiff's Reply (Dkt. 100), filed February 6, 2026, consisting of a four page Memorandum of Law (Dkt. 100) and a three page Attorney Declaration (Dkt. 100-1) which required Plaintiff to incur 2 hours, 42 minutes of lawyer time.  At Jager's then slightly increased hourly rates of $275 per hour this resulted in a fee of $742.56.  In sum, Plaintiff thus incurred a total of 8 hours, 48 minutes of lawyer time in prosecuting Plaintiff's motion for a total fee of

$2,267.50 which appears to the court to be a reasonable basis for making an award in this case pursuant to Fed.R.Civ.P. 37(a)(5)(A).  Additionally, the fees of Charlie Morse and Jonathan Cantil, incurred on February 6, 2026, and Jager's post-February 6, 2026 fees, according to the computerized record, (Dkt. 104-1), are disallowed as unsupported.  However, finding some merit in Defendants' opposition based on the uncomplicated nature of the issue presented on Plaintiff's motion, *i.e.*, Defendants' belated service of Defendants' required discovery responses, the court will exercise its discretion and reduce the amount of Plaintiff's fees by $500 for a total award of $1,767.50.  As this amount is close to the $1,000 figure Defendants deemed reasonable, *see* Smith Declaration (Dkt. 105) ¶ 29, the court presumes it is not necessary to require Plaintiff to provide supplemental information regarding justification for Jager's hourly billing rates nor as to whether Jager's firm has billed Plaintiff for the fees requested as Defendants argued.  *See* Smith Declaration ¶¶ 30, 31.

## CONCLUSION

Based on the foregoing, Plaintiff's application (Dkt. 104) is GRANTED in the amount of $1,767.50 to be paid by Defendants' counsel.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
   LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dates:  May 13, 2026
         Buffalo, New York

4